UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID N. WILLSON-BEY, #158062

          Plaintiff,                    Case No. 05-71472
                                           U.S. District Judge Robert H. Cleland
v.                                 U.S. Magistrate Judge R. Steven Whalen

MICHAEL ZAK,

          Defendant.
_____ /

## REPORT AND RECOMMENDATION

     Plaintiff David N. Willson-Bey, a prison inmate in the custody of the Michigan Department of Corrections (MDOC), has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983, alleging violation of his constitutional rights by Defendant Michael Zak, a Corrections Officer at the Saginaw Correctional Facility in Freeland, Michigan.[1] Before the Court is Defendant Zak's Motion for Summary Judgment [Docket #13], which has been referred for Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons that follow, I recommend that Defendant's Motion be GRANTED, and the Complaint DISMISSED WITH PREJUDICE.

## I.   FACTS

---

[1] Plaintiff previously raised these allegations in Docket No. 03-74870, which was dismissed without prejudice based on failure to fully exhaust administrative remedies against all Defendants, as required by 42 U.S.C. §1997e(a). On April 15, 2005, Plaintiff re-filed the case against only Defendant Zak.

The Plaintiff's allegations stem from a dispute between him and Corrections Officer Michael Zak on February 27, 2003.  At that time, Plaintiff was housed in the Segregation Housing Unit (SHU) as a result of disciplinary sanctions.  *Complaint*, ¶¶17-18.  Plaintiff alleges that as he was being escorted from the shower, Defendant Zak verbally reprimanded him for talking to other prisoners, prompting Plaintiff to reply, "You don't tell me who to talk to."  *Id.*, ¶19.  Plaintiff states that Zak then spoke to him in an aggressive tone, whereupon Plaintiff told Zak to "get out of his face."  *Id.* ¶20.  When Zak declined this request, the Plaintiff stated, "Do whatever you're going to do, but trust me I'll get back."  Zak replied, "that's a threatening behavior ticket," and the Plaintiff retorted, "That's just like a bitch, you start shit then hide behind your man, the MDOC."  *Id.*, ¶21.

Plaintiff states that during this time, he was handcuffed.  He alleges that when he was returned to his cell, with his back to the cell door awaiting the removal of the handcuffs, he "felt sharp and excruciating pain from being burned on his left forearm causing Plaintiff to jump away from the door...." *Id.*, ¶24.  At that point, Plaintiff claims, Zak said, "Now who's the bitch!" *Id.*

Plaintiff alleges that he was left in his cell without medical treatment from about 9:25 a.m. until 2:00 p.m., when Corrections Officer Sgt. Koch began his shift.  *Id.*, ¶26.  He states that Sgt. Koch photographed his injuries, and that nurse Sullivan applied medication to prevent infection.  *Id., ¶27.*

In his Complaint, Plaintiff raises both an Eighth Amendment excessive force claim

and a state law claim of assault and battery.  *Id.*, ¶29.

In an affidavit in support of his Motion for Summary Judgment (Exhibit 1),

Defendant Zak states that on February 27, 2003, while he was escorting Plaintiff to the

shower, he verbally reprimanded Plaintiff for talking to his friends.  According to Zak,

Plaintiff replied, "You can't tell me who to talk to," "How in the fuck are you going to

stop me from talking," and "I can fuckin' talk to anybody I want to."  *Ex. 1,* ¶7.  Zak

states that after he escorted the Plaintiff back to his cell, he closed the cell door, removed

Plaintiff's handcuffs, closed the food slot, and left without further incident.  Zak denies

touching the Plaintiff in any fashion, other than to remove the handcuffs, and did not burn

the Plaintiff.  *Id.*, ¶¶8-10.  He states that between 30 and 45 minutes later, Corrections

Officer Zummer told him of Plaintiff's allegation that Zak had burned his (Plaintiff's)

arm.  Zak states, "I do not smoke and did not possess any cigarette lighter, or any type of

flame device on February 27, 2003."  *Id.*, ¶¶13-14.

Defendant has also submitted the affidavit of Resident Unit Officer (RUO) Albert

Huff (Exhibit 2).  Huff states that on February 27, 2003, he accompanied Zak as he

escorted the Plaintiff to the showers and back to the cell.  He states that "[a]t not time did

RUO Zak or I say or do anything inappropriate to Wilson-Bey."  *Exhibit 2*, ¶9.  However,

he states that a short time later, the Plaintiff asked him to open his food slot so that he

could throw out his dirty laundry, and that when he did so, the Plaintiff "wrapped his arm

around the food slot, preventing it from being secured, and demanded to see an RUM or

someone higher in command."  *Id.*, ¶10.  When he learned of the accusation against Zak,

Huff told RUM Zummer that Zak did not burn anyone. *Id.*, ¶11.

Resident Unit Manager (RUM) James Zummer submitted an affidavit, attached to the Defendant's Motion as Exhibit 3.  He states that on the date in question, Plaintiff alleged that Zak had burned his arm with either a match or cigarette lighter.  At first, Zummer could not see any evidence of a burn mark on Plaintiff's arm. Plaintiff then pointed to the middle of his left forearm, where Zummer observed "a very small, round spot, which was barely pinkish in color and about the diameter of a typical pencil eraser. This area did not feature any blistering, charring, swelling, inflammation, discoloration, or anything else to give it any indication of having been burned." *Exhibit 3*, ¶8.  On being told that there did not appear to be a burn, Plaintiff replied, "It just happened, don't worry it will look like a burn before long." *Id.,* ¶9.[2]

Blaine Lafler, the Warden of the Saginaw Correctional Facility, states by affidavit that he investigated the Plaintiff's grievance against Zak, and placed Plaintiff on "modified access status."  Lafler also requested a major misconduct charge against Plaintiff for filing a false grievance.  A misconduct hearing was held, and Plaintiff was found guilty on July 8, 2003. *Defendant's Exhibit 4*.

Defendant's Exhibits 4-A-1 through 4-A-8 are documents regarding the

---

[2] Attached to Plaintiff's Complaint as Exhibit 4 is a memorandum from Zummer to Deputy Warden Balcarcel, dated March 3, 2003, in which Zummer stated that he "observed a small, round spot, on the inner left forearm, that barely resembled a pinkish tone, approximately the diameter of a standard pencil eraser.  There was no charring, discoloration, selling, blistering, inflammation or surface disruption.  Again, I had to strain to see a very slight pinkish tone to this area."

disciplinary actions taken against Plaintiff for filing a false grievance. These include the request for placement on Modified Grievance Access (*Exhibit 4-A-1*), the major misconduct ticket (*Exhibit 4-A-3*), and the hearing report (*Exhibit4-A-4*). The hearing report indicates that three confidential witness statements were provided as evidence against the Plaintiff at his misconduct hearing. These statements were to the effect that Plaintiff was going to "set up" Zak, that he was trying to get other prisoners to lie about the incident, and that the Plaintiff actually burned himself.

Lieutenant Kenneth Shemanski, an Assistant Shift Commander at the Saginaw Correctional Facility, provided an affidavit (Defendant's Exhibit 5) in which he states that on February 27, 2003, after talking to RUM Zummer, he examined Plaintiff's arm, observing a small, circular discolored mark which "did not look like a burn mark." *Exhibit 5*, ¶5.

In response to a Magistrate Judge Capel's order of July 19, 2005[3], Defendant submitted, as Exhibit 8, the affidavit of Joyce Weippert, R.N., the nurse who examined the Plaintiff at approximately 2:50 p.m. on February 27, 2003, following his complaint that Zak burned him with a lighter. *Exhibit 8*, ¶¶6-7. She states that she saw a red area, about the size of a quarter, on the Plaintiff's left forearm, but there "was no blistering, no open area, and no drainage." Nurse Weippert states, "My first impression of this mark–and I maintain this today–was that the mark was *not* consistent with a burn from

---

[3] This case was originally assigned to Judge Friedman and Magistrate Judge Capel, and subsequently reassigned.

fire or flame.  Instead it looked more like a 'rub' burn (like a rug burn), caused by rubbing

the area with something."  *Id.*, ¶¶8-9.  By way of further explanation, she states, at ¶10:

> "The area was not blistered when I saw it.  While a fresh burn would not be
> blistered, I saw prisoner Wilson on the second shift, at 2:50 p.m.  Prisoner
> Wilson said the incident occurred earlier in the morning, and records show
> that he was returned to his cell by Officers Zak and Huff at about 9:35 a.m.
> If prisoner Wilson had been burned by a flame from a lighter, after five
> hours it is likely the area would have been blistered."

Nurse Weippert states that she cleansed the area with normal saline and applied a

dressing.  *Id.*, ¶12.

Also pursuant to Magistrate Judge Capel's order, Defendant has filed, under seal,

the written confidential witness statements (Exhibits 4-A-5, 4-A-6 and 4-A-7) that were

produced at the Plaintiff's disciplinary hearing.  Those statements are consistent with the

description set forth in the hearing report (Exhibit 4-A-4), that Plaintiff admitted the

whole scenario was a set-up to cause problems for Zak, that he actually burned himself,

and that he coached other inmates on how to lie.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary

judgment, the non-moving party must show sufficient evidence to create a genuine issue

of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990).

Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

-7-

## III.    ANALYSIS

The Plaintiff has not presented any affidavits, other than his own, showing that Defendant Zak burned him.  Interestingly, the disciplinary hearing report on the ticket for filing a false grievance notes that at the hearing, the Plaintiff presented an affidavit from a Prisoner Anderson.  *Defendant's Exhibit 4-A-4*, p.2.  However, Plaintiff has presented no information from Anderson in response to the present Motion for Summary Judgment.  "Although the nonmoving party's evidence in opposition to summary judgment need not be of the sort admissible at trial, he must employ proof other than his pleadings and own affidavits to establish the existence of specific triable facts."  *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990), quoting *Celotex*, *supra*, 477 U.S. at 324; *Neyland v. Molinaro*, 368 F.Supp.2d 787, 791 (E.D.Mich. 2005).

There is one readily apparent factual conflict within the Defendant's own exhibits, but that conflict is of no help to the Plaintiff.  The three confidential witness statements indicate that the Plaintiff had matches and burned himself.  One of the three confidential witnesses affirmatively states that he saw the Plaintiff burn himself, and the other two make that assumption based on their claimed knowledge that Plaintiff had matches.  One of these other two witnesses claims to have smelled paper burning.  However, the affidavits of Nurse Weippert, RUM Zummer and Lt. Shemanski all indicate that Plaintiff did not appear to have suffered a burn.[4]  While this discrepancy might raise a question as

---

[4] The affidavit of Weippert, which was based in part on her review of her medical progress notes, is especially significant in that it constitutes an objective medical rebuttal

to whether the fairly minor discoloration on Plaintiff's arm was the result of burning or abrasion, it in no way addresses the more salient questions of whether the mark was self-inflicted, and whether his claim against Zak is contrived.  In other words, it does not create a genuine issue of *material* fact sufficient to defeat a motion for summary judgment.

On the other hand, the more material statements of the confidential witnesses that the Plaintiff expressed an intent to falsely accuse Defendant Zak is corroborated by the Plaintiff's own affidavit, in which he admits that during his verbal confrontation with Zak, he stated, "Do whatever you're going to do, but trust me, I'll get back."

A clear feature of the present case is the lack of evidentiary proportionality between the Plaintiff's uncorroborated claim that Zak burned him and the overwhelming evidence–including objective clinical observations–that he was simply not burned, and that his claims are contrived.  Based on this record, no rational trier of fact could accept the Plaintiff's version of events.  The evidence is so one-sided that the Defendant must prevail as a matter of law.  *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 251-52. Summary judgment should therefore be granted on both the Eighth Amendment claim and the state law assault and battery claim.

Because there was no violation of Plaintiff's constitutional rights, the Defendant is also entitled to summary judgment on the basis of qualified immunity.  *Saucier v. Katz*,

─────────────────

of Plaintiff's otherwise uncorroborated claim that he was burned.

-9-

533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Higgason v. Stephens*, 288

F.3d 868, 876-877 (6th Cir. 2002). Under *Saucier*, the threshold question is whether a

constitutional violation occurred. If it did not, a state officer acting in the course of his

official duties is protected by qualified immunity.[5]

## IV.   CONCLUSION

I recommend that Defendant's Motion for Summary Judgment [Docket #13] be

GRANTED, and the Complaint DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within ten (10)

days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich.

LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v*

*Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th

Cir. 1981). Filing of objections which raise some issues but fail to raise others with

---

[5] I disagree with Defendant's alternative argument that even if Plaintiff's allegations were true, the *de minimis* nature of the injury would negate an Eighth Amendment claim. *Defendant's Brief*, pp. 7-8. In *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir. 1993), the Sixth Circuit noted that "[t]he subjective component [of an Eighth Amendment claim] does not have a fixed meaning," and held that "wantonness constitutes malicious and sadistic acts whose very purpose is to inflict harm." *Id.* In such a case, "[n]o actual injury needs to be proven to state a viable Eighth Amendment claim." *Id. See Boretti v. Wiscomb*, 930 F.2d 1150, 1155 (6th Cir. 1991)("an actual injury is not a necessary predicate to receiving damages for an Eighth Amendment violation," citing *Parrish v. Johnson,* 800 F.2d 600, 604-605 (6th Cir. 1986)). *See also Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995). If a prison guard deliberately, wantonly, or maliciously burns an inmate with a match or cigarette lighter, then the prisoner has made out an Eighth Amendment violation without regard to the extent of his actual injuries.

specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1,"  "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled ad "Response to Objection #1," "Response to Objection #2," etc.


s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  February 13, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 13, 2006.


s/Susan Jefferson
Case Manager

-11-