**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID N. WILSON-BEY,

    Plaintiff,

v.    Case No. 05-71472

MICHAEL ZAK,

    Defendant.
_____/

**ORDER REJECTING PLAINTIFF'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On February 13, 2006, Magistrate Judge R. Steven Whalen issued a Report and Recommendation, in which he recommended that Defendant Michael Zak's "Motion for Summary Judgment" be granted. On February 24, 2006, Plaintiff David N. Willson-Bey filed his timely objections to the Report and Recommendation. Defendant filed his response to the objections on March 8, 2006. Having reviewed the filings, the court will reject Plaintiff's objections, adopt the Report and Recommendation, and grant Defendant's "Motion for Summary Judgment."

**I. STANDARD**

**A. Review of Reports and Recommendations**

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See *United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be

accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context. A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50. The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

### B.  Summary Judgment

Federal Rule of Civil Procedure 56, which governs summary judgment motions, provides, in part, that:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

The moving party has the burden of demonstrating that there is no genuine issue as to any material fact, and a summary judgment is to be entered if the evidence is such that a reasonable jury could find only for the moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 250.

In assessing a summary judgment motion, the court must examine any pleadings, depositions, answers to interrogatories, admissions, and affidavits in a light that is most favorable to the non-moving party. Fed. R. Civ. P. 56(c); *see United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir. 1984). It is not the role of the court to weigh the facts. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435–36 (6th Cir. 1987). Rather, it is the duty of the court to determine "whether . . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

When a summary judgment motion is predicated on a factual issue and is adequately supported, the non-moving party must take some affirmative action to avoid the entry of a summary judgment.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed. R. Civ. P. 56(e). The mere existence of a scintilla of supporting evidence is insufficient. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). Additionally, a party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear

3

the burden of proof at trial" mandates the entry of summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## II. DISCUSSION

Plaintiff has asserted a federal claim under 42 U.S.C. § 1983 and a state law claim for assault and battery. To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) a deprivation of a right secured by the Constitution or laws of the United States; (2) caused by a person acting under color of state law; (3) occurring without due process of law. 42 U.S.C. § 1983; *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994). However, in civil actions seeking money damages, "government officials acting in their official capacity are entitled to qualified immunity for discretionary acts which do not violate clearly established law of which a reasonable person would have known." *Comstock v. McCrary*, 273 F.3d 693, 701 (6th Cir. 2001) (citing *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity, when applicable, is not simply a defense to liability in the underlying case, but it provides immunity from suit altogether, shielding officials from the burdens of discovery and costs of trial. *Comstock*, 273 F.3d at 702 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Plaintiff alleges that his Eighth Amendment rights were violated because Defendant burned his arm with a match or lighter while Plaintiff was handcuffed. Defendant denies that he burned Plaintiff and further disputes the existence or extent of Plaintiff's alleged injury. The magistrate judge found that the evidence was so one-sided that no reasonable jury could find in favor of Plaintiff and recommended granting Defendant's motion for summary judgment.

Plaintiff has filed eight objections to the magistrate judge's report, most of which argue that the magistrate judge substituted his judgment for that of the jury, in contravention of Federal Rule of Civil Procedure 56. Having carefully reviewed

4

Plaintiff's objections, the report and recommendation, and the underlying briefs, the court will reject Plaintiff's objections and adopt the magistrate judge's report.

In Plaintiff's first objection, he simply states that his claim should be reviewed *de novo*. A statement setting forth the standard of review does not constitute an objection.

In Plaintiff's fourth objection,[1] Plaintiff argues that the magistrate judge improperly interpreted Plaintiff's statement to Defendant to "Do whatever you're going to do, but trust me, I'll get back." (*See* R & R at 2.) The court disagrees. The magistrate judge indicated in his report that this statement corroborates the confidential witnesses statements that Plaintiff expressed an intent to falsely accuse Defendant. (*Id.* at 9.) This court concludes that this interpretation is the most likely, but admittedly not the only interpretation of the statement. Nonetheless, the magistrate judge's analysis of this statement was not central to its conclusion, and even if the court were to reject the magistrate judge's interpretation of the statement, the report and recommendation would still be adopted. Accordingly, this objection is denied.

In Plaintiff's fifth objection, Plaintiff disputes the magistrate judge's determination that no reasonable jury could accept Plaintiff's version of the facts, because Plaintiff claims that the magistrate judge did accept Plaintiff's version in a related case, Case Number 03-74870. Plaintiff cites the magistrate judge's January 28, 2005 report and recommendation in the related case, which recommended dismissing a portion of the complaint for failure to exhaust. The court disagrees that the January 28, 2005 report "accepted" Plaintiff's version of the facts in this case. The January 28, 2005, which was subsequently adopted in part and rejected in part by this court on March 3, 2005, merely analyzed Plaintiff's complaint in order to determine whether Defendant's motion to dismiss should be granted for failure to exhaust administrative remedies. Neither the January 28, 2005 report, not this court's March 3, 2005 order, substantively addressed

---

[1]Plaintiff's second and third objections will be discussed below.

5

the available evidence or the merits of Plaintiff's complaint under Federal Rule of Civil Procedure 56.  Plaintiff's objection is therefore denied.

In Plaintiff's remaining objections, he argues that the magistrate judge usurped the role of the jury by inappropriately weighing or disregarding evidence which Plaintiff claims conflicts with Defendant's version of the facts.  In his third objection, Plaintiff generally objects that the magistrate judge "tried the facts of this case and [took the case] out of the hands of a jury."  (Pl.'s Obj. at 2.)  Plaintiff specifies in other objections his theory that the magistrate inappropriately weighed the evidence.

For example, Plaintiff argues in various objections that the magistrate judge erred in his treatment of the parties' dispute regarding the nature of Plaintiff's injury.  While Plaintiff contends his injury was a burn, Defendant characterizes the injury not as a burn, but as a self-inflicted abrasion.  Plaintiff argues in objection number 2(B) that the magistrate judge's report was erroneous because Plaintiff presented "official medical records" which allegedly conflict with Defendant's witnesses assessment of the facts.  Likewise, in his seventh objection, Plaintiff argues that the magistrate judge should not have relied on Nurse Weippert's affidavit, in which she contended that Plaintiff's wound was not consisted with a burn injury.  Plaintiff again states that he submitted medical records which support the conclusion that his injury was a burn.  Finally, in objection number 8(D), Plaintiff reiterates that there are material facts in dispute in this case because of his disagreement with Nurse Weippert's affidavit.

The court rejects these objections because the magistrate judge's report did not rely on a determination that Plaintiff's injury was not a burn.  While the magistrate judge noted that the bulk of the evidence suggested that Plaintiff "did not appear to have suffered a burn," the magistrate judge also noted that this was not a material issue.  (R. & R. at 8-9.)  Indeed, the magistrate judge noted that there was some dispute as to the nature of Plaintiff's injury but stated "[w]hile this discrepancy might raise a question as to

6

whether the fairly minor discoloration on Plaintiff's arm was the result of burning or abrasion, it in no way addresses the more salient questions of whether the mark was self-inflicted, and whether his claim against Zak is contrived." (*Id.* at 9.) Consequently, the magistrate judge found, and this court agrees, that this discrepancy "does not create a genuine issue of *material* fact sufficient to defeat a motion for summary judgment." (*Id.* (emphasis in original).)

Plaintiff's remaining arguments relate, in some fashion, to the magistrate judge's conclusion that Plaintiff has failed to present evidence which would allow a rational jury to find that his injury was inflicted by Defendant. Plaintiff argues that the magistrate judge's assessment of the facts was erroneous because (1) Plaintiff submitted an affidavit from Prisoner Anderson which allegedly support's Plaintiff's case (Objection # 2(A)); (2) the confidential witnesses statements are untruthful (Objection # 6); (3) the parties dispute whether Plaintiff burned himself or Defendant burned him (Objection # 7(A) & (B)); and (4) James Zummer's March 3, 2003 memorandum indicates that Plaintiff's cell was searched no matches were found (Objection # 7(D)).

The court will reject these objections because the court agrees with the magistrate judge that Plaintiff has failed to establish a *genuine* issue of material fact with respect to the cause of Plaintiff's injury. As Defendant points out, the fact that James Zummer's March 3, 2003 memorandum indicates that no matches were found in Plaintiff's cell *prior* to February 27, 2003, does not provide any support for Plaintiff's assertion that he did not burn himself on February 27, 2003. (Pl.'s Comp. at Ex. A.) Further, while Plaintiff argues that the confidential witnesses statements are false because they could not see into his cell, this (self-serving) allegation does not negate the impact of these statements. At least one of the confidential witnesses stated that the witness could "smell" smoke from Plaintiff's cell, and that he knew Plaintiff had cigarettes because Plaintiff had offered him a light. (Dkt. # 30) Finally, the alleged

7

"Anderson affidavit," which Plaintiff contends he attached to a "July 28, 2005 motion," cannot help Plaintiff. Contrary to Plaintiff's representation, Plaintiff has not submitted any such affidavit to this court. Indeed, there is no motion listed on the docket filed on or near July 28, 2005.[2] Plaintiff filed a motion on November 29, 2005, but the November 29 motion does not mention or attach any affidavit from a "Prisoner Anderson."

Accordingly, having reviewed the parties' briefs, objections, and the report and recommendation, the court agrees with the magistrate judge's recommendation and will adopt it in full. Put simply, Plaintiff has failed to set forth more than a scintilla of evidence in support of his claim that Defendant Zak burned his left forearm. *See Anderson*, 477 U.S. at 247-48 ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.") (emphases in original). "[T]he nonmoving party must do more than show that there is some metaphysical doubt as to the material facts. . . . It must present significant probative evidence in support of its complaint to defeat the motion for summary judgment." *Moore v. Philip Morris Companies, Inc.,* 8 F.3d 335, 340 (6th Cir. 1993) (citations omitted). Here, the overwhelming evidence supports only the conclusion that Defendant did not inflict the alleged injury on Plaintiff. While the court recognizes that Plaintiff has set forth his own self-serving affidavit, the Sixth Circuit has found that, in circumstances such as these, where the evidence is clearly one-sided, summary judgment is appropriate. *See, e.g., Whitley v. Spencer County Police Dept.*, No. 97-5904, 1999 WL 196499 (6th Cir. Mar. 26, 1999) (rejecting the plaintiff's self-serving

---

[2]Plaintiff did not even submit the "Anderson affidavit" in support of his objections to the magistrate judge's report. The court recognizes Plaintiff's *pro se* status, but Plaintiff must nonetheless submit evidence sufficient to satisfy his burden under Federal Rule of Civil Procedure 56. *See Celotex,* 477 U.S. at 322.

allegations in light of overwhelming evidence to the contrary); *Reist v. Orr,* No. 95-1128, 1995 WL 592041 (6th Cir. Oct. 5, 1995) (same).  The court will therefore reject Plaintiff's objections, adopt the magistrate judge's report and recommendation, and grant Defendant's motion for summary judgment.

### III.  CONCLUSION

IT IS ORDERED that Defendant's objections [Dkt. # 37] are REJECTED, the magistrate judge's Report and Recommendation [Dkt. # 36] is ADOPTED AND INCORPORATED BY REFERENCE, and Defendant's "Motion for Summary Judgment" [Dkt. # 13] is GRANTED.

    S/Robert H. Cleland  
    ROBERT H. CLELAND  
    UNITED STATES DISTRICT JUDGE

Dated:  March 17, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 17, 2006, by electronic and/or ordinary mail.

    S/Lisa G. Wagner  
    Case Manager and Deputy Clerk  
    (313) 234-5522