**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID N. WILSON-BEY,

    Plaintiff,

v.                                                                                           Case No. 05-71472

MICHAEL ZAK,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On February 13, 2006, Magistrate Judge R. Steven Whalen issued a report and recommendation, in which he recommended that Defendant Michael Zak's "Motion for Summary Judgment" be granted. Plaintiff David N. Willson-Bey filed timely objections to the report, which the court rejected in its March 17, 2006 order. One month later, Plaintiff filed a motion for reconsideration. Having reviewed the motion, the court will deny it as untimely and without merit.

Plaintiff brings his motion under Federal Rule of Civil Procedure 59(e). A district court maintains discretion when deciding a motion to amend a judgment under Rule 59(e). *Northland Ins. Co. v. Stewart Title Guar. Co.,* 327 F.3d 448, 454-55 (6th Cir. 2003). "Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

Additionally, Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case."

E.D. Mich. LR 7.1(g)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'"  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

First, the court will deny Plaintiff's motion as it was filed more than ten days after the issuance of the March 17, 2006 order and judgment.  Motions to alter or amend under Federal Rule of Civil Procedure 59(e) and motions for reconsideration under Local Rule 7.1(g) must be filed within ten days of the date the order or judgment was entered.  *See* Fed. R. Civ. P. 59(e); E.D. Mich. LR 7.1(g)(1).  Thus, in order to be considered timely, Plaintiff had until April 3, 2006, to file his motion.  *See* Fed. R. Civ. P. 6; E.D. Mich. LR 6.1.  Plaintiff, however, did not file his motion until April 17, 2006.  Indeed, even if the court were to apply the "prisoner mailbox rule," which deems matters filed on the day they are delivered to prison officials for mailing,[1] Plaintiff's motion would still be untimely.  According to Plaintiff's "Proof of Service," attached to his motion for reconsideration, Plaintiff mailed his motion on April 10, 2006, seven days past the deadline for filing a motion under Federal Rule of Civil Procedure 59(e) or Local Rule 7.1(g).  Thus, Plaintiff's motion will be denied as untimely.

Moreover, even if the motion were deemed timely, the court would nonetheless reject it on the merits.  Plaintiff provides no new arguments in support of his motion for reconsideration, but merely presents the same arguments that have already been considered, and rejected, by the magistrate judge in his February 13 report and recommendation and by this court in its March 17 order adopting the report.  A motion

---

[1] The prisoner mailbox rule was first articulated by the Supreme Court in *Houston v. Lack*, which held that "[a] notice of appeal is 'filed' within the meaning of [28 U.S.C.] § 2107 at the moment it is delivered to prison officials for forwarding to the clerk of the district court."  *Houston v. Lack,* 487 U.S. 266, 272 (1988).  It has since been extended to the filing of various other documents.  *See generally, Richard v. Ray,* 290 F.3d 810, 813 (6th Cir. 2002).

for reconsideration that presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997).

Finally, Plaintiff relies heavily on a newly-submitted affidavit signed by Prisoner O. Anderson, attached to his motion for reconsideration.  (*See* Pl.'s Mot. Br. at 9, 14). Contrary to Plaintiff's assertion, however, this affidavit has never before been submitted to the court, and Plaintiff provides no justification for his failure to file it earlier.[2]  Absent compelling justification for Plaintiff's failure, the court declines to review evidence which could have been submitted earlier, but was not.  *DaimlerChrysler Services North America, LLC v. Summit Nat., Inc.,* 144 Fed. App'x 542, 548 (6th Cir. 2005) (finding no error in trial court's decision to deny motion for reconsideration where "[t]he additional evidence before the court in connection with the motion to reconsider was all available to DaimlerChrysler at an earlier time."); *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.,* 762 F.2d 557 (7th Cir.1985) (holding that motions for reconsideration "cannot . . . be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the summary judgment motion."); *Chirco v. Gateway Oaks, LLC,* No. 02-73188, 2006 WL 2056546, *1 (E.D. Mich. July 21, 2006) (same).

---

[2]Although Plaintiff *cited* to this affidavit earlier, the court found in its March 17, 2006 order that it had never been filed, even in support of Plaintiff's objections. The court stated: "[T]he alleged 'Anderson affidavit,' which Plaintiff contends he attached to a 'July 28, 2005 motion,' cannot help Plaintiff.  Contrary to Plaintiff's representation, Plaintiff has not submitted any such affidavit to this court.  Indeed, there is no motion listed on the docket filed on or near July 28, 2005."  (*See* 3/17/06 Order at 7-8.) Plaintiff has failed to explain why it does not appear anywhere on the court's docket.

Accordingly, IT IS ORDERED that Plaintiff's motion for reconsideration [Dkt. # 43] is DENIED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: August 11, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 11, 2006, by electronic and/or ordinary mail.

      S/Lisa G. Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\05-71472.WILSON-BEY.Reconsideration.Rule59(e).wpd